98 F.3d 1359
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
William R. BARAN, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 96-3225.
 United States Court of Appeals, Federal Circuit.
 Oct. 15, 1996.
 
 Before LOURIE and RADER, Circuit Judges, and SKELTON, Senior Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 William R. Baran petitions for review of the April 2, 1996 final decision of the Merit Systems Protection Board, Docket No. SF0831950943I-1, sustaining the denial of his application for a survivor annuity based upon the death of his spouse. Because the board did not err in determining that Baran failed to meet the statutory requirements for a survivor annuity, and because he waived his right to challenge the constitutionality of the statute, we affirm.
 
 DISCUSSION
 
 2
 Baran's spouse was a social worker employed with the federal service from March 23, 1953 until her death on March 16, 1961. Baran applied for death benefits on March 28, 1961. Under the statute in effect at the time, a widower was only entitled to receive a survivor annuity if he was incapable of self-support because of a disability or if he received more than one-half of his support from his spouse. 5 U.S.C. §§ 2251(i), 2260(c) (1958). In his original application, Baran certified that he did not meet either of these requirements. After the Office of Personnel Management ("the agency") sent Baran a letter requesting additional information, he responded by stating that "[a]fter long and careful consideration I have arrived at the conclusion that a final lump sum payment would be the best settlement." In November 1961, he received a lump sum payment.
 
 
 3
 In 1993, more than thirty years later, Baran's daughter began inquiring about her father's entitlement to benefits. She sent several letters to the agency requesting information and stating her belief that the law in effect in 1961 was unconstitutional because it required that widowers meet a higher standard than widows in order to qualify for an annuity. In response, the agency rendered a final decision, holding that Baran was not entitled to a survivor's annuity. The agency determined that, based upon the law in effect at the time and Baran's certified answers in his original application, he failed to meet either requirement to qualify for a survivor annuity.
 
 
 4
 Baran appealed to the board. He argued before the board that the statute was unconstitutional. In addition, his daughter, acting as his representative, submitted evidence that he suffered a back injury in 1952 and that his income was less than one-half that of his spouse in 1961, therefore arguing that he qualified for an annuity under both parts of the statute. In an initial decision, an administrative judge ("AJ") decided against Baran, according greater weight to the certified statement Baran made in 1961 than to the newly-submitted evidence. Therefore, the AJ concluded that the agency properly denied his application based upon the law in effect in 1961 and the certified statements in his original application. The AJ also found that by accepting the lump sum payment he waived his right to an annuity. The AJ noted that the board did not have authority to determine the constitutionality of a federal statute; hence she did not address Baran's argument that the statute was unconstitutional. The AJ's initial decision became the final decision when the board denied Baran's petition for review. See 5 C.F.R. § 1201.113(b) (1996).
 
 
 5
 We may reverse a decision of the board only if it was arbitrary, capricious, an abuse of discretion, or unlawful; procedurally deficient; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994); Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987).
 
 
 6
 On appeal, Baran argues that the relevant statute was unconstitutional because it was sexually discriminatory. Regardless of the merits of that argument, Baran had the opportunity to challenge the constitutionality of the statute in 1961, but he failed to do so, opting instead to receive a lump sum payment. He therefore waived his right to challenge the constitutionality of the statute in effect in 1961. We note that the statute in question has since been amended to eliminate the disparate treatment of widows and widowers.
 
 
 7
 The board also did not err in determining that Baran failed to meet the statutory requirements for an annuity. He certified in his original application that he was not incapable of self-support because of disability and that he did not receive more than one-half of his support from his spouse. Baran does not challenge this evidence on appeal. The board's decision concerning waiver arising from acceptance of the lump sum payment was also free from error. Accordingly, we affirm the board's decision.